IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| MELISSA STACKPOLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:24-cv-03103-MDH |
| | ) | |
| TOTAL QUALITY LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Melissa Stackpole's Motion to Remand (Doc. 7). Defendant filed suggestions in opposition (Doc. 11) and Plaintiff filed reply suggestions (Doc. 12). The Court, after full consideration of the issues raised and legal arguments provided by the parties, hereby **GRANTS** Plaintiff's Motion to Remand.

## BACKGROUND

This action arises out of a June 9, 2020 multi-tractor trailer/passenger vehicle pile-up on Interstate 44 in Pulaski County, Missouri. Plaintiff Melissa Stackpole is a Missouri resident and the surviving spouse of decedent Jimmie L. Stackpole Jr. who died in the motor vehicle pile-up. Defendant Total Quality Logistics, LLC ("TQL") is a corporation organized under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio. TQL arranges freight to be carried through Missouri and brokered the subject load that was being hauled prior to the June 9, 2020 wreck.

On December 31, 2020 American Sentinel, the insurer for the trucking company that allegedly started the massive pile-up wreck, filed a Petition for Interpleader ("Petition") in the

1

Circuit Court of Pulaski County, Missouri. The Petition named 15 defendants, of which five were Missouri residents. Plaintiff and the Estate of Jimmie L. Stackpole Jr. were two of the five defendants in the interpleader action. On February 9, 2021 Plaintiff Melissa Stackpole filed crossclaims against various defendants for the wrongful death of Jimmie Stackpole, Jr. On December 31, 2021 all five Missouri defendants were still part of the litigation. Plaintiff, then defendant/third-party, brought TQL in her Amended Third-Party Petition on June 22, 2022. The Circuit Court entered its Order and Judgment Approving Settlement and separate Order for Disbursement of Interpleader Funds on November 18, 2022 severing Plaintiff's remaining wrongful death claims against TQL and Jason Owens. On April 28, 2023 the Circuit Court entered an Order realigning the parties to reflect that TQL and Jason Owens as defendants. On March 15, 2024 Plaintiff voluntarily dismissed Jason Owens, and the Circuit Court approved and ordered the dismissal. Defendant TQL filed its Notice of Removal on April 13, 2024 stating it is timely pursuant to 28 U.S.C. § 1446(b)(3) and the bad faith exception to 28 U.S.C. § 1446(c)(1).

## STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*, citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010). A case may not be removed on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1).

2

## ANALYSIS

### I. Removal of the Case is Improper Based on 28 U.S.C. § 1446(c)(1)

**a. TQL's Removal is Untimely**

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). An action is commenced under 28 U.S.C. § 1446(c)(1) according to state law. *Livaudais v. Johnson & Johnson*, No. 4:17-CV-1851 SNLJ, 2017 WL 3034701, at *2 (E.D. Mo. July 18, 2017). "In Missouri, a civil action is commenced by filing a petition with the court" and "can only be commenced once." *Jackson v. C.R. Bard, Inc.*, 4:17-CV-974 CEJ, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017). Because removal statues are narrowly construed, section 1446's one-year limit runs from the initial commencement of an action, rather than any later amendment or other pleading that cause the case to become removable. *Id*. A civil action may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action brought. 28 U.S.C. § 1441(b)(2).

TQL filed its Notice of Removal on April 13, 2024 (Doc. 1) arguing removal is timely under 28 U.S.C. § 1332 and § 1446(b)(3) because it is filed within thirty days of Plaintiff's dismissal of the sole non-diverse party on March 15, 2024. (Doc. 1, pages 3-4). Further, it was timely pursuant to the bad faith exception in 28 U.S.C. § 1446(c)(1). *Id*. Defendant misunderstands § 1446(b)(3).

> *Except as provided in subsection (c)*, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

3

28 U.S.C. § 1446(b)(3) (emphasis added). The defendant may remove an action up to 30 days after the defendant determines that the action is now removable, but the 30 day window is subject to the maximum amount of time to remove of 1 year. *Livaudais v. Johnson & Johnson*, No. 4:17-CV-1851 SNLJ, 2017 WL 3034701, at *2 (E.D. Mo. July 18, 2017). Here, the case commenced on December 31, 2020 when American Sentinel filed its Petition. As of December 31, 2021, one year after commencement of the action, all five of the Missouri defendants remained in the case and thus the case was unremovable. Since TQL filed its Notice of Removal on April 13, 2024, 27 and a half months after the one-year removal window lapsed, TQL's notice of removal is untimely.

### b. TQL Has Not Shown Plaintiff Acted in Bad Faith

Plaintiff argues that TQL was not a party to the case during the one-year removal window and as such it is impossible that she could have acted in bad faith towards a non-existent party before the one-year removal window lapsed.

The party removing and opposing remand has the burden of establishing federal subject matter jurisdiction. *Bowler v. Alliedbarton Sec. Servs.*, LLC, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. 2015). Defendant argues that On March 15, 2024 Plaintiff voluntarily dismissed James Owen, the sole Missouri Defendant at the time, one year and eight months after Plaintiff filed her First Amended Third-Party Petition against TQL and one year and eight days after TQL first entered its appearance in the case. (Doc. 1, page 7). Defendant asserts that Plaintiff did not actively litigate against Mr. Owens nor did Plaintiff receive any consideration for dismissing Owens. *Id*. at 8. Defendant alleges that James Owen was kept in the litigation to keep TQL from removing the case to federal court, evidencing bad faith by Plaintiff.

Defendant misconstrues the date when the one-year removal window commenced. Section 1446(c)(1) explicitly states:

4

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith *in order to prevent a defendant from removing the action*.

28 U.S.C. § 1446(c)(1) (emphasis added). Section 1446(c)(1) by its plain terms infers that the defendant had to be able to remove the action in the first instance if Plaintiff's "bad faith" had not prevented it. While TQL makes the argument that James Owen was kept in to prevent removal, TQL never had the ability to remove the action in the first place. The case commenced in December 31, 2020, and the opportunity to remove the action to federal court lapsed on December 31, 2021. On December 31, 2021 there were still four other non-diverse defendants other than James Owen in the action that would bar removal regardless of whether TQL was present in the litigation. At no point did TQL ever have the ability to remove the action. Thus, TQL cannot shown Plaintiff acted in bad faith.

## II. Plaintiff is Entitled to an Award of Costs and Fees

Plaintiff requests that the Court award attorney's fees and costs for the effort expended opposing TQL's removal. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal. 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed. 2d 547 (2005). In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant. *Bowler v. Alliedbarton Sec. Servs.*, LLC, 123 F. Supp. 3d 1152, 1160 (E.D. Mo. 2015). Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand. *Id*.

The Court finds the imposition of fees warranted here. TQL argues its removal was timely in its Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3). But by the statute's plain text it is beholden to 28 U.S.C. § 1446(c). Next, TQL argues that the bad faith exception applies to allow TQL to remove the action past the one-year removal window. However, nowhere does TQL argue how Plaintiff was able to prevent TQL from removing the action before the expiration of the removal window when TQL was not a party to the litigation until six months after the removal window has lapsed. Further, TQL does not state when commencement would have been proper in this case assuming the Interpleader Petition was not the appropriate commencement date. Lastly, TQL argues that the imposition of fees is not warranted in this case because the Court of Appeals for the Eighth Circuit has not yet announced a standard for the bad-faith exemption under § 1446(c)(1). *See H&B Ventures, LLC v. State Auto Prop. & Cas. Ins. Co.*, 686 F. Supp. 3d 846 (E.D. Mo. 2023) and *Jackson v. C.R. Bard, Inc.*, 4:17-cv-974-CEJ, 2017 WL 2021087, at 2 (E.D. Mo. May 12, 2017). While it is true the Eighth Circuit has not yet announced a standard for the bad faith exemption, TQL has not shown any argument why the bad faith exception would apply when they were not a party to the litigation until two and half years after the commencement of the case and a year and a half after the one-year removal window has lapsed. There is nothing argued that would show an objectively reasonable basis where removal would be warranted.

## CONCLUSION

For the reason stated herein, Plaintiff's Motion to Remand is **GRANTED.** It is hereby **ORDERED** that this matter be **REMANDED** to the Circuit Court of Pulaski County, Missouri. Plaintiff will have 14 days from this Order to present attorney fees and costs incurred as a result of removal for the Court's consideration.

**IT IS SO ORDERED.**
DATED:  October 8, 2024

                                                     */s/ Douglas Harpool*
                                                     **DOUGLAS HARPOOL**
                                                     **UNITED STATES DISTRICT JUDGE**